UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEADFAST INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Number: 2:14-cv-01124-JHE |
| ) | |
| **SECURITY ENGINEERS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the court on the magistrate judge's Report and Recommendation (doc. 29), recommending the granting of "Plaintiff Steadfast Insurance Company's Motion to Dismiss Defendant Security Engineers, Inc.'s Counterclaims for Bad Faith and Breach of Enhanced Obligation of Good Faith" (doc. 17).

Plaintiff Steadfast Insurance Company initiated this action against Defendants Security Engineers, Inc. ("SEI"), InTown Suites Birmingham North, LLC ("InTown Suites"), InTown Suites Management, Inc. ("InTown Management"), Pierre Jarvis Myles, and Shamell Bishop, individually and as the personal representative of the Estate of David T. Winston (collectively, "Defendants") seeking a declaratory judgment as to an insurance coverage claim in connection with an underlying lawsuit. (Doc. 1). Defendants answered,[1] (docs. 10, 18, & 20), and SEI asserted counterclaims for bad faith, breach of the enhanced obligation of good faith, breach of contract, and declaratory

---

[1] Defendant Pierre Jarvis Myles has been served, (docs. 4 & 6), but has not answered Steadfast's complaint.

1

judgment. (Doc. 10). Steadfast moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss SEI's counterclaims for bad faith and breach of the enhanced obligation of good faith. (Doc. 17). The time to respond to the motion expired,[2] and SEI did not respond to the motion.

While the motion to dismiss was pending, Steadfast filed an amended complaint, (doc. 24), and SEI filed an answer to the amended complaint, (doc. 27). SEI's answer to the amended complaint did not reassert its counterclaims. (*See* doc. 27).

The parties have not consented to the jurisdiction of the magistrate judge. Therefore, on December 2, 2014, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a Report and Recommendation addressing Steadfast's motion to dismiss SEI's counterclaims. (Doc. 29). The magistrate judge recommended that the motion be granted. (*Id.* at 9). Although SEI did not file any response to the motion and did not reassert the counterclaims in its answer to the amended complaint, SEI filed objections to the Report and Recommendation. (Doc. 32). On December 18, 2014, the undersigned received the assignment to review the Report and Recommendation and the objections.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it. Because Steadfast filed an amended complaint and SEI did not reassert its counterclaims in its answer to the amended complaint, SEI abandoned the counterclaims asserted in its original answer. *See Penn. Nat. Mut. Cas. Ins. Co. v. Snider*, 996 F. Supp. 2d 1173, 1180 (M.D. Ala. 2014) ("Since then, however, Penn National filed an amended complaint, and the Beale Defendants never answered or otherwise

---

[2] *See* doc. 11, Uniform Initial Order and doc. 11-3, Non-Summary Judgment Motion Requirements, at 1 (briefing schedule).

responded. Because the Beale Defendants failed to answer Penn National's amended complaint, *and therefore, never reasserted their counterclaims*, the Court finds that the Beale Defendants' duty to defend counterclaims were abandoned.") (emphasis added); *see also Settlement Capital Corp. v. Pagan,* 649 F. Supp. 2d 545, 562 (N.D. Tex. 2009) (finding that counterclaims not reasserted in an amended answer were abandoned).

Accordingly, the court FINDS that all of SEI's counterclaims (doc. 10) should be **DEEMED ABANDONED**; SEI has not asserted counterclaims to Steadfast's currently pending amended complaint. In light of that ruling, the court **DEEMS as MOOT** Steadfast's motion to dismiss those counterclaims, and the court need not address it; therefore, the court must **REJECT** the recommendations of the magistrate judge to dismiss the counterclaims and **WILL NOT ADOPT** the corresponding report because the motion to dismiss is moot.

The court notes that, except for Objection Three, SEI's objections addressed the magistrate judge's discussion of the merits of the motion to dismiss. Because this court does not reach the merits, it need not address those objections except as an alternative ruling, as discussed below. Objection Three, however, focused on the filing of the amended complaint and the answer to the amended complaint, and on the report and recommendation's silence regarding those documents. The objection failed to state explicitly the crucial effect of these documents: the abandonment of the counterclaims rendering moot the motion to dismiss. However, to the extent, if any, that Objection Three raises, however obliquely, the issue that the filing of the amended complaint and amended answer became the operative pleadings and rendered the Report and Recommendation incorrect, the court ACCEPTS that objection.

As an *alternative* ruling, *if* the counterclaims somehow remain viable after the filing of the

amended pleadings, the court FINDS that the magistrate judge correctly reached the conclusion that SEI has not stated a plausible claim for bad faith or for breach of the enhanced obligation of good faith. As part of the alternative ruling, the court addresses the other objections to the magistrate judge's Report and Recommendation below.

SEI's Objections One, Two, Four and Eight to the magistrate judge's Report and Recommendation are due to be **OVERRULED** because SEI did not oppose the motion and the court, in its discretion, declines to address arguments that SEI had an opportunity to present to the magistrate judge initially in response to the motion to dismiss and failed to do so. Next, to the extent SEI's Objections Three, Five, Six, and Seven raise issues of misciting to the original instead of amended pleadings, mischaracterizing admissions, or misstating the purpose of § 34-27C-1, those objections are due to be **OVERRULED**. SEI points out that the magistrate judge cited to the original complaint and answer (docs. 1 & 10) in support of his Report and Recommendation, even though an amended complaint and answer to the amended complaint had been filed (docs. 24 & 27). (Doc. 32 at 7-8). Having reviewed the pleadings themselves, the citations in the Report and Recommendation and in the amended pleadings, and § 34-27C-1, the court FINDS, as part of its *alternative* ruling, that to the extent the counterclaims remain viable after the filing of the amended pleadings, resolving or acknowledging the alleged errors would not change the result; *if* the counterclaims remain viable, they are due to be dismissed. (*See* docs. 1, 10, 24, 27, & 29).

The court will enter an Order consistent with this Memorandum Opinion.

Dated this 22nd day of January 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

4